UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY MILLER, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:19-cv-01194-SEB-MJD ) |
| WARDEN New Castle Correctional Facility, | ) ) |
| Respondent. | ) ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Gary Miller, Jr., for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCF 18-07-0149. For the reasons explained in this Order, Mr. Miller's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt.  *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On July 2, 2018, Casework Manager J. San Miguel filed a conduct report charging Mr. Miller with interfering with count:

> On the above day and approximate time [July 20, 2018 at 11:00 a.m.] Offender Miller, Gary #232853 was in the day room getting water and using the microwave. Offender was told by this cwm to return to his bunk and bring his ID. Offender was informed he would be receiving conduct [report]. Offender said the pod told him count was clear.

Dkt. 9-1.

On July 23, 2018, the screening officer notified Mr. Miller of his rights and the charge. Dkt. 9-2. Mr. Miller pleaded not guilty. *Id.* He requested statements from three witnesses, who he believed would say "someone yelled count was clear." *Id.* In response to his request, inmate McClure wrote "Someone in pod yelled count clear, Miller went to microwave to heat up coffee when CWM saw him and told him count was not clear." Inmate Mayberry wrote "Ofd gary miller used the microwave because several people yelled out count clear joking and he thought they was being serious." Offender French wrote "offender Gary Miller used the microwave because several people yelled out count cleared joking and Gary thought count was really cleared so he used the microwave thinking count was really cleared." Dkt. 9-3.

A disciplinary hearing was held on July 26, 2018. Mr. Miller gave a statement: "I thought count was clear someone yelled out count was clear." *Id.* The hearing officer considered staff reports, a memorandum from The GEO Group, Inc. regarding count procedures, the statements of the three witnesses, and Mr. Miller's statement, and found Mr. Miller guilty based on this evidence. *Id.* The hearing officer imposed sanctions of 30 days' lost good-time credit and 30 days' lost commissary and phone privileges. *Id.*

Mr. Miller appealed to the Facility Head and the IDOC Final Reviewing Authority. Both appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Miller raises three grounds for relief in his petition: (1) he cannot be guilty because he thought count was clear; (2) his behavior of going to the microwave is not conduct which meets the definition of the offense; and (3) his sanction should have been suspended because this was his first conduct report in six years. Dkt. 1. The first two grounds contest the sufficiency of the evidence of Mr. Miller's guilt. The third ground challenges the appropriateness of his sanctions.

   **1. Sufficiency of the Evidence**

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The conduct report and the three witness statements all state that Mr. Miller entered the dayroom and began using the microwave before count had cleared. The conduct report and witness statements provide "some evidence" that Mr. Miller interfered with count. A memo distributed by

prison officials less than a month before this incident informed inmates that they must stay on their bunk until Signal 1000 is announced which indicates that count has cleared. Dkt. 9-3 at 2-3. Although Mr. Miller states that he heard other inmates say count was clear, his three witnesses all stated that the inmates were joking when they said count was clear. Furthermore, the facility memo states that inmates should rely on the Signal 1000 call to determine when count has cleared rather than information from other inmates. There was some evidence supporting Mr. Miller's disciplinary conviction and he is not entitled to relief on this ground.

### 2. Sanctions

Mr. Miller's credit-time sanction was thirty days, which is well below the ninety-day maximum sanction for a Class B offense. *See* Dkt. 9-6. "[A] federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit," unless the sentence violates the Eighth Amendment by being an "extreme" punishment that is "grossly disproportionate" to the crime. *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). Sanctions significantly lower than the maximum certainly do not meet this high standard. Mr. Miller is thus not entitled to relief on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Miller to the relief he seeks. Accordingly, Mr. Miller's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: _____1/2/2020_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GARY MILLER, JR.
232853
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov